UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT KELLEY | Case Number |
| Plaintiff | |
| vs. | CIVIL COMPLAINT |
| I.C. SYSTEMS, INC. | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Robert Kelley, by and through his undersigned counsel, Brent F. Vullings, Esquire, complaining of Defendant and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1. Plaintiff, Robert Kelley (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a principal place of business in this District.

## III. PARTIES

4. Plaintiff, Robert Kelley, is an adult natural person residing at 584 Oak Court NW, Conyers, GA 30012. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, I.C. Systems, Inc., at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of Georgia and the Commonwealth of Pennsylvania with its principal place of business located at 444 East Highway 96, Saint Paul, MN 55164 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

IV. **FACTUAL ALLEGATIONS**

7. Beginning in April 2010, Defendant commenced a series of harassing and unwarranted phone calls to the Plaintiff in an attempt to contact a debtor.

8. On or around April 13, 2010 multiple unnamed agents of the Defendant began placing numerous calls to the Plaintiff on a daily basis asking for "Robbie L. Kelley".

9. Plaintiff does not share the same first name or middle initial as "Robbie L. Kelley".

10. Plaintiff has never received written correspondence of any kind from the Defendant.

11. Plaintiff has informed agents of the Defendant on many occasions that he is not the person who they are trying to reach, and implored them to cease calling.

12. Plaintiff still receives daily phone calls.

13. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

14. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

15. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

16. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

17. The above paragraphs are hereby incorporated herein by reference.

18. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person
>
> § 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection
>
> § 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against I.C. Systems, Inc., for the following:

a.  Actual damages;

d.  Statutory damages pursuant to 15 U.S.C. §1692k;

c.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.  Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: April 26, 2010

BY: */s/ Brent F. Vullings*
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff