IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT KELLEY, | : | Civil Action No. 1:10-CV-903 |
| Plaintiff | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| I.C. SYSTEMS, INC., | : | |
| Defendant | : | |

**MEMORANDUM ORDER**

On April 28, 2010, Plaintiff filed the above-captioned case alleging that Defendant violated, and continues to violate, the Fair Debt Collection Practices Act ("FDCPA") by making harassing calls to his residence to collect a debt. (Doc. No. 1.) Plaintiff further avers that Defendant did not send notice of the debt and continues to make harassing calls to Plaintiff despite being notified that Plaintiff is not the debtor Defendant seeks. (Id.) In lieu of answering the complaint, Defendant has filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), which is now before the Court for disposition. (Doc. No. 4.)

I.    LEGAL STANDARD

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The statute grants district courts discretion to transfer civil actions "if the transfer is warranted by the convenience of parties and witnesses and promotes the interests of justice." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). Although a district court has discretion under Section 1404, a motion to transfer is not to be liberally granted. High River P'ship v. Mylan Labs., Inc., 353 F. Supp. 2d 487, 491 (M.D. Pa. 2005). The burden of establishing the need to transfer rests with the movant, and Plaintiff's choice of venue "should not be lightly disturbed." Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d

Cir. 1995).

To establish whether transfer is warranted, the Court must first determine whether the action "might have been brought" in the proposed transferee district.  High River, 353 F. Supp. 2d at 492.  If the action may have been brought in the proposed district, then the Court must determine whether the matter should be transferred.  The Third Circuit Court of Appeals has provided twelve non-exhaustive factors for a court to consider when determining whether a matter should be transferred to another venue.  Jumara, 55 F.3d at 879 ("While there is no definitive formula or list of the factors to consider . . . courts have considered many variants of the private and public interests protected by the language of § 1404(a)." (internal citations omitted)).  Those factors include: 1) the plaintiff's forum preference as manifested in the original choice; 2) the defendant's preference; 3) where the claim arose; 4) the convenience of the parties as indicated by their relative physical and financial condition; 5) the convenience of the witnesses, but only to the extent that witnesses may actually be unavailable for trial in one of the fora; 6) the location of books and records; 7) the enforceability of the judgment; 8) practical considerations that could make the trial easy, expeditious, or inexpensive; 9) the relative administrative difficulty in the two fora resulting from court congestion; 10) the local interest in deciding local controversies at home; 11) the public policies of the fora; and 12) the familiarity of the trial judge with the applicable state law in diversity cases.  Id. at 879-80.

## II.     DISCUSSION

Defendant argues that the case should be transferred to the District of Minnesota, St. Paul Division.  (Doc. No. 4 ¶ 8.)  Defendant argues transfer would be more convenient for Defendant, as Defendant's headquarters are located in St. Paul, Minnesota.  (Id.)  Defendant also notes that

all books, records, and witnesses on behalf of Defendant are located in St. Paul, Minnesota.  (Id. ¶ 9.)  In his brief in opposition, Plaintiff argues that the case should not be transferred, and in the alternative, Plaintiff suggests that if the Court wishes to transfer the case, it should transfer the case to the Northern District of Georgia.  (Doc. No. 7 at 4-5.)  Because Plaintiff did not properly file a motion with this Court to transfer his case to the Northern District of Georgia – or even support his improperly raised request with sufficient arguments for why that district is a more appropriate venue for this case – the Court will not consider the merits of this request.  See Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion.").  For the reasons set forth in more detail herein, the Court will grant Defendant's motion to transfer this action to the District of Minnesota, St. Paul Division.

### A.    Whether the Action Could Have Been Brought in the District of Minnesota

The transfer statute provides that the Court "may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Therefore, the Court will only transfer venue to a district where venue, personal jurisdiction, and subject matter jurisdiction would all have been proper independently of Defendant's wishes.  Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960).  The Court notes that although Defendant moved for this case to be transferred to the District of Minnesota, Defendant's consent may not be considered in determining whether the District of Minnesota is a district in which the suit "might have been brought."  Hoffman, 363 U.S. at 342-43 (1960) (holding the phrase "where it might have been brought" cannot be interpreted to mean "where it may now be rebrought, with defendants' consent"); see also High River, 353 F. Supp. 2d at 493.

The Court need not belabor any jurisdictional questions as to the District of Minnesota.

After reviewing the record, the Court concludes the District of Minnesota is a district in which the suit "might have been brought."  Because this case arises under a federal statute, 15 U.S.C. § 1692, the district would have federal question subject matter jurisdiction over this action.  28 U.S.C. § 1331.  Defendant has its principal place of business in St. Paul, Minnesota (Doc. No. 4 ¶ 8), therefore, personal jurisdiction can be asserted over Defendant in that district.  Milliken v. Meyer, 311 U.S. 457, 462 (1940).  Venue is also established for the District of Minnesota because Defendant resides in that district.  28 U.S.C. § 1391(b)(1).  Therefore, the District of Minnesota is a district in which suit might have been brought.

B.  **The Balance of Factors Favor Transfer to the District of Minnesota**

The Court strains to find any evidence in his brief in opposition that Plaintiff believes the Middle District of Pennsylvania is the proper venue in which to bring this action.  Plaintiff devotes approximately one paragraph to supporting his choice of forum, and appears to rely on only the first factor of the twelve factor test articulated by the Third Circuit in Jumara.  (Doc. No. 7 at 4.)  Given the complete lack of connection between either party and this district, the absence of events giving rise to the action that occurred in this district, the paucity of Pennsylvania state interest in this case, and the tremendous distance between this district and the location of the parties, evidence, and any potential witnesses, it is clear that the interests of justice weigh in favor of transfer to a location more convenient to the parties and with greater interest in this litigation.  The only factor that weighs in favor of keeping the case in this Court is the first.  However, in cases, such as this, where Plaintiff is foreign, a plaintiff's choice of forum is deserving of only limited deference.  Windt v. Qwest Communs. Int'l, Inc., 529 F.3d 183, 190 (3d Cir. 2008).

Defendant has filed the affidavit of Sue Johnson, the Director of its Legal Affairs department in support of its motion to transfer venue.  (Doc. No. 5-2.)  Johnson's undisputed affidavit states that Defendant's only connection to the Middle District of Pennsylvania is that it has a registered agent, tasked solely with accepting service of process on behalf of Defendant, located in Harrisburg.  (Id. ¶ 9.)  Defendant does not conduct business in the district.  (Id.)  Defendant also avers that no collection calls took place in this district.  (Id. ¶ 10.)  Likewise, Plaintiff resides in Georgia, received the alleged harassing phone calls in Georgia, and admits that no actions forming the basis of the complaint took place in this district.  (Doc. No. 6 ¶¶ 7, 11.)  Indeed, it appears that the only connection between this district and the case is that Defendant has a service of process agent located here; even the parties' attorneys are located in another district.  Therefore, the balance of factors mandates that this Court transfer this action to the District of Minnesota, St. Paul Division.

**ACCORDINGLY**, this 21st  day of October 2010, upon consideration of Defendant's motion to transfer venue (Doc. No. 4), **IT IS HEREBY ORDERED** that the motion is **GRANTED**.  The Clerk of Court is directed to transfer the case to the District of Minnesota, St. Paul Division, and to close the file.

   S/ Yvette Kane
Chief Judge Yvette Kane
United States District Judge
Middle District of Pennsylvania